# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

<table>
<tr><td>

SIERRA CLUB, et al.,

      Plaintiffs,

      v.

ENVIRONMENTAL PROTECTION
AGENCY, et al.,

      Defendants.

</td><td>

Civil Action No. 25-cv-1112-RC

</td></tr>
</table>

## PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION
## TO DEFENDANTS' MOTION FOR RELIEF FROM LOCAL RULE 7(n)

Defendants seek to be excused from the requirement of timely producing the administrative record in accordance with Local Civil Rule 7(n)(1). Because the text of the Local Rule is clear that defendants must produce the administrative record as soon as they file a motion to dismiss, and because Plaintiffs are prejudiced by Defendants' failure to produce the administrative record, Defendants' motion should be denied.

## ARGUMENT

In cases involving judicial review of agency action where an answer has not yet been filed, Local Civil Rule 7(n)(1) requires the agency to file a certified list of the contents of the administrative record simultaneously with the filing of a dispositive motion. When Defendants filed their motion to dismiss, however, they did not comply with Local Rule 7(n)(1). Instead, they filed a separate motion asking to be excused from compliance with the Rule. *See* ECF 38.

Defendants contend that they should not be required to produce the administrative record until after disposition of their motion to dismiss because the motion does not rely on the record.

But that contention does not distinguish this case from others in which the government files a motion to dismiss. Rule 12(b)(1) and 12(b)(6) motions do not generally turn on the contents of the administrative record, yet the Rule nonetheless requires the administrative record to be produced at the same time as the motion. Defendants thus fail to explain why the Rule should not apply here.

Moreover, in this case, Defendants' delay in producing the administrative record prejudices Plaintiffs. Although Defendants do not rely on the record in their motion, Plaintiffs seek to prepare a motion for summary judgment, including on their claim that Defendants' actions are arbitrary and capricious. Without the record, Plaintiffs are hampered in their ability to do so. *See Vassiliades v. Rubio*, 2025 WL 1905654, at *12 (D.D.C. July 10, 2025) (ruling that, because the defendants had not produced the administrative record, the court could not properly evaluate the claim that the defendants acted arbitrarily and capriciously); *Swedish Am. Hosp. v. Sebelius*, 691 F. Supp. 2d 80, 88 (D.D.C. 2010) (recognizing that "[w]ithout the administrative record, the court is unable" to assess whether agency action is arbitrary and capricious); *Hamal v. DHS*, 2020 WL 2934954, at *4 (D.D.C. June 3, 2020) ( "[W]ithout fully reviewing the entire administrative record, it would be premature to declare that the agency acted reasonably."); *Narragansett Indian Tribe by & through Narragansett Indian Tribal Historic Pres. Off. v. Nason*, 2020 WL 4201633, at *4 (D.D.C. July 22, 2020) ("Defendant's arguments about the highly deferential review of agency action under the APA, while correct, are premature given that the Court does not have the administrative record.").

## CONCLUSION

For the foregoing reasons, Defendants' motion for relief from Local Rule 7(n) should be denied.

Dated: August 25, 2025                    Respectfully submitted,

/s/ Zachary R. Shelley
Zachary R. Shelley (DC Bar No. 90021549)
Adina H. Rosenbaum (DC Bar No. 490928)
Allison M. Zieve (DC Bar No. 424786)
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009
(202) 588-1000
zshelley@citizen.org

*Counsel for All Plaintiffs*

Andrea Issod (pro hac vice)
Joya Manjur (pro hac vice)
Sierra Club
2101 Webster Street, Suite 1300
Oakland, CA 94612
(415) 977-5544

*Counsel for Sierra Club*